

**FILED & ENTERED**

**FEB 27 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bakchell  DEPUTY CLERK**

<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>ROXANNE RODRIGUEZ,<br><br>              Debtor. | Case No. 2:16-bk-26376-RK<br><br>Chapter 7<br><br>**ORDER ON DEBTOR'S MOTION TO CONVERT CASE REGARDING LACK OF SIGNATURE ON MOTION, LACK OF PROOF OF SERVICE AND LACK OF NOTICE OF HEARING OR OPPORTUNITY TO REQUEST A HEARING ON THE MOTION** |

**TO DEBTOR ROXANNE RODRIGUEZ AND INTERESTED PARTIES:**

      On February 7, 2017, Debtor Roxanne Rodriguez ("Debtor") filed her Motion to Convert Case ("Motion").  Electronic Case Filing Number 16.  Nonetheless, because there was no signature on the Motion for Debtor as the filing party, nor on the Motion's proof of service by the declarant, the record does not reflect that the Motion is really Debtor's, nor that the Motion was actually served.

      Federal Rule of Bankruptcy Procedure 9011(a), which applies to all bankruptcy cases, including this one, requires that every written motion shall be signed by the filing party, which is the Debtor for the Motion, and this rule applies to parties like Debtor who represent themselves in a bankruptcy case, stating: "A party who is not represented by an attorney shall sign all papers."

Additionally, Federal Rule of Bankruptcy Procedure 2002(a)(4) requires that Debtor as the moving party serve a notice of a hearing on the Motion (or a notice of an opportunity to request a hearing on the Motion under Local Bankruptcy Rule 9013-1(o)) on the Chapter 7 trustee and all creditors at least 21 days in advance of a hearing on the Motion. Based on the court's review of the Motion and the docket, it appears that no notice of hearing or notice of opportunity to request a hearing was served with the Motion.

Having read the Motion and seen that there is no signature on the Motion by the party filing the Motion as required by Federal Rule of Bankruptcy Procedure 9011, no proof that the Motion was served on the required parties, and no notice of hearing on the Motion or opportunity to request a hearing, the court orders as follows:

1. Pursuant to Federal Rule of Bankruptcy Procedure 9011, Debtor must sign the Motion. Debtor may remedy this procedural defect in the Motion by filing a signed signature page for the Motion.

2. Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(4), the declarant on the Motion's proof of service, Oscar Ramirez, must sign the proof of service. The declarant may remedy this procedural defect by filing a signed signature page for the proof of service that declares that service was executed as set forth in the proof of service filed with the Motion.

3. Federal Rule of Bankruptcy Procedure 9011(a) states: "An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party." Thus, having brought the matter of the omission of the signature on the Motion to Debtor's attention, the court orders Debtor to promptly correct this procedural defect by filing a signed signature page for the Motion on or before March 27, 2017. If Debtor fails to file a signed signature page for the Motion by the due date of March 27, 2017, the court will issue a further order striking the Motion and denying it without

prejudice. If Debtor timely files a signed signature page by the due date of March 27, 2017, the court will consider the Motion. The court will not consider the Motion unless and until Debtor complies with Federal Rule of Bankruptcy Procedure 9011 requiring her signature on the Motion.

4. Regarding the proof of service, Debtor may file a signed proof of service attesting that service was executed as set forth in the proof of service filed with the Motion, but Debtor must do so by March 27, 2017. Alternatively, if service was not executed as set forth in the Motion, Debtor may re-serve the Motion by March 27, 2017. If Debtor fails to remedy the proof of service defect as discussed above by March 27, 2017, the court will deny the Motion without prejudice for lack of service.

5. Regarding notice, pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(4), the court orders Debtor to file and serve a notice of hearing or notice of opportunity to request a hearing on the Motion by March 27, 2017. If Debtor fails to do so, the court will deny the Motion without prejudice for lack of notice.

**IT IS SO ORDERED.**

###

Date: February 27, 2017

_____
Robert Kwan
United States Bankruptcy Judge